BRUCE HIBBLER *v.* STATE OF MISSISSIPPI.

[39 South. Rep., 896.]

1. CRIMINAL LAW. *Assault with intent to murder. Shooting.*

    In order to justify a conviction of assault with intent to murder by shooting, it must be shown, beyond a reasonable doubt, that the defendant fired the shot of his malice aforethought, not in self-defense, with the deliberate design to effect the death of the person assaulted, and that, in view of the distance from which the gun was fired and the ammunition used, the gun was a deadly weapon.

2. SAME. *Instruction. Presumption.*

    In such case an instruction for the state is fatally erroneous if it authorizes a conviction on the belief by the jury in the existence of a mere legal presumption.

From the circuit court of Lafayette county.

Hon. James B. Boothe, Judge.

Hibbler, the appellant, was tried for and convicted of an assault with intent to murder one Monroe Patterson, and appealed to the supreme court.

The instruction referred to in and condemned by the opinion of the court was in these words:

"The court instructs the jury, for the state, that if they believe from the evidence beyond a reasonable doubt that the defendant with deliberate design shot at Monroe Patterson, not in self-defense, either real or apparent, and that the gun at the distance it was fired would likely produce death, then the presumption of law is that he intended to kill the said Monroe Patterson, and the jury should find the defendant guilty as charged in the indictment; but if the jury believe that the gun was so loaded that it would not likely produce death at the distance it was fired, but that the defendant was not shooting in self-defense, either real or apparent, then the defendant would be guilty of assault and battery only, and the form of their verdict should be: 'We, the jury, find the defendant guilty of assault and battery only.'"

*Kimbrough & Thomison,* for appellant.

The instruction for the state undertook to charge the jury as to the presumption of law arising from the use of a deadly weapon, the effect of which was that if defendant intentionally, and not in self-defense, fired the gun at Patterson at a distance of fifty feet, and if the gun at that distance would likely produce death, then the presumption of law is that he intended to kill, etc., and they should find him guilty as charged. The jury should have been left free to consider whether the testimony offered by the accused to rebut this legal presumption, or otherwise submitted to them on the part of the state, satisfied their minds of the absence of such intention. *Jeff* v. *State,* 37 Miss., 321. Further, this instruction ignores altogether the contents of

the gun, when the law is that it must be proven that the gun was so loaded as to be capable of producing death.     *Vaughn* v. *State,* 3 Smed. & M., 553; *Porter* v. *State,* 57 Miss., 300.

*R. V. Fletcher*, assistant attorney-general, for appellee.

The objection to the charge given for the state rests upon the contention that it precludes the defendant from rebutting the presumption of intent to kill which the law raises by the use of a deadly weapon.     But the charge, if erroneous at all, is cured by the charges given for the defendant.     In these charges it is repeatedly shown that the presumption may be rebutted, and that it is for the jury to pass upon the question of intent.

Argued orally by *D. M. Kimbrough,* for appellant, and by *R. V. Fletcher,* for appellee.

TRULY, J., delivered the opinion of the court.

The instruction for the state is fatally erroneous.   ·It charged the jury to return a verdict of guilty as charged if they believed in the existence of a mere legal presumption.    This is not the law.    To sustain a conviction of the felony charged in this case, the jury must believe from the evidence beyond a reasonable doubt that appellant fired the shot of his malice aforethought, not in self-defense, with the deliberate design to effect the death of the person fired at, and that under the circumstances in evidence, the distance from which the gun was fired and the ammunition used being considered, the gun was a deadly weapon.    *Richardson* v. *State* (Miss.), 28 South. Rep., 817.    The instruction is defective in other particulars, but the error pointed out is fatal.

*Reversed and remanded.*